# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CyberFone Systems, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Knology, Inc.,<br><br>    Defendant. | **Civil Action No.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff CyberFone Systems, LLC ("CyberFone"), alleges as follows:

## PARTIES

1. CyberFone is a Texas limited liability company with its principal place of business at 719 West Front Street, Suite 242, Tyler, Texas 75702.

2. Defendant Knology, Inc. ("Knology") is a Delaware corporation with a principal place of business at 1241 O.G. Skinner Drive, West Point, Georgia 31833.  Knology has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808, as its agent for service of process.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Knology is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I
## (Infringement of U.S. Patent No. 8,019,060)

5.  CyberFone is the owner by assignment of United States Patent No. 8,019,060 ("the '060 patent"), entitled "Telephone/Transaction Entry Device and System for Entering Transaction Data Into Databases." The '060 patent issued on September 13, 2011. A true and correct copy of the '060 patent is attached hereto as Exhibit A.

6.  Knology has infringed and still is infringing at least claim 13 of the '060 patent, literally and under the doctrine of equivalents, by performing, and by making, using, selling, and offering to sell services that include performing, the method of obtaining data transaction information, forming a plurality of different, exploded data transactions, sending different exploded data transactions over a channel to respective destinations, and receiving data from at least one of said destinations, which data is used as part of the data transaction and is sent to a second destination, including, but not limited to, its video-on-demand services, and its Digital Gateway and Digital Preferred Plus services.

7.  Knology has been aware of the '060 patent since at least the filing of this complaint. Accordingly, Knology's acts of infringement since the filing of this complaint have been willful under 35 U.S.C. § 284.

8.  As a result of Knology's infringement of the '060 patent, CyberFone has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Knology's infringing activities are enjoined by this Court.

9.  Unless a permanent injunction is issued enjoining Knology and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '060 patent, CyberFone will suffer irreparable harm.

**PRAYER FOR RELIEF**

CyberFone prays for the following relief:

1. A judgment that Knology has infringed (either literally or under the doctrine of equivalents) one or more claims of the '060 patent;

2. A judgment that Knology's infringement since the filing of the complaint has been willful;

3. A permanent injunction enjoining Knology and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '060 patent;

4. An award of damages resulting from Knology's acts of infringement, in accordance with 35 U.S.C. § 284;

5. An award for enhanced damages equal to treble the amount of actual damages, for the willful nature of Knology's acts of infringement since the filing of the complaint, as provided by 35 U.S.C. § 284.

6. An accounting for damages arising from Knology's infringement of the '060 patent, including loss of market share.

7. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to CyberFone its reasonable attorneys' fees against Knology;

8. A judgment and order requiring Knology to provide an accounting to pay supplemental damages to CyberFone, including without limitation, prejudgment and post-judgment interest; and

9. Any and all other relief to which CyberFone may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

CyberFone demands a trial by jury on all issues so triable.

| | |
|---|---|
| January 30, 2012 | BAYARD, P.A. |
| Of Counsel: | /s/ *Stephen B. Brauerman* |
| Marc A. Fenster | Richard D. Kirk (rk0922) |
| Russ, August & Kabat | Stephen B. Brauerman (sb4952) |
| 12424 Wilshire Boulevard, Twelfth Floor | 222 Delaware Avenue, Suite 900 |
| Los Angeles, CA  90025-1031 | Wilmington, DE  19801 |
| (310) 826-7474 | (302) 655-5000 |
| mfenster@raklaw.com | rkirk@bayardlaw.com |
| | sbrauerman@bayardlaw.com |
| | |
| | *Attorneys for Plaintiff* |
| | *CyberFone Systems, LLC* |